Hasan v. Holder

BIA
Montante, Jr., IJ
A078 417 964

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

SYED MOHAMMAD S. HASAN,
> *Petitioner*,

v.                                        11-3381

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        David C. Drake, Carliner & Remes, P.C., Washington, D.C.

FOR RESPONDENT:        Stuart Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of

**Immigration Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Syed Mohammad S. Hasan, a native and citizen of Pakistan, seeks review of the July 22, 2011, decision of the BIA affirming the August 28, 2009, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., ordering him removed. *In re Syed Mohammad S. Hasan* No. A078 417 964 (B.I.A. July 22, 2011), *aff'g* No. A078 417 964 (Immig. Ct. Buffalo Aug. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curium). We review

2

questions of law *de novo*.  *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

As an initial matter, the government correctly contends that Hasan failed to exhaust before the BIA his arguments that: (1) the IJ erred in placing the burden on him to demonstrate that he was not inadmissible; (2) his removal proceedings should have been terminated to allow him to apply for adjustment of status; and (3) the IJ violated his due process rights by failing to provide him with an opportunity to cross-examine the Border Patrol agent who prepared his Form I-213, Record of Deportable/Inadmissible Alien.  We do not consider these unexhausted arguments.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir. 2007) (concluding that exhaustion of administrative remedies is a predicate of this Court's subject matter jurisdiction, while the failure to exhaust specific issues is an affirmative defense subject to waiver).

The agency did not err in finding that Hasan was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), which provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other

benefit provided under this chapter is inadmissible." *See also Aslam v. Mukasey*, 537 F.3d 110, 116-17 (2d Cir. 2008) (concluding the IJ did not err in finding the Government met its burden of showing that petitioner is removable from the United States in a case of marriage fraud). We have also held that a "misrepresentation is material if it 'has a natural tendency to influence or was capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Monter v. Gonzales*, 430 F.3d 546, 553 (2d Cir. 2005) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).

Here, the record includes a sworn statement, in which Hasan: (1) stated that he paid his first wife two thousand dollars to marry him so that he could obtain lawful immigration status; and (2) admitted that he had been untruthful when questioned by Customs and Border Patrol ("CBP") agents regarding the location of his immigration documents because he thought they would release him from custody and allow him to enter the United States to retrieve the documents. Before the agency, Hasan admitted the accuracy of the sworn statement and argued only that the statement regarding his payment to his first wife should not be construed literally because the payment was a dowry

4

required by his religion rather than a payment for participation in marriage fraud.

However, the IJ did not err in declining to credit Hasan's explanation, particularly given that: (1) Hasan, who had volunteered the information that he paid his first wife, failed to mention that he gave his second wife a dowry; (2) the two thousand dollar payment, which included a payment upon divorce, more closely resembled a commercial transaction than did the unconditional gift of gold jewelry that Hasan provided his second wife; and (3) Hasan failed to provide a consistent account regarding where he and his first wife had lived during their relationship, thereby further calling into question its validity. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (explaining that, although an IJ must consider an applicant's explanations, he need not credit them unless a reasonable fact-finder would be compelled to do so); *see also Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' established that an asylum applicant is not credible") (internal citation omitted) (emphasis in original). Thus, based on Hasan's admission that he paid his first wife to marry him

5

in an attempt to procure a visa, the agency did not err in finding him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i).

Moreover, the IJ reasonably found that, even if Hasan's first marriage was legitimate, he was nevertheless inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) because he admitted in his sworn statement that he had lied to CBP agents regarding the whereabouts of his immigration documents in order to enter into the United States. *See* 8 U.S.C. § 1182(a)(6)(C)(i); *see also Monter*, 430 F.3d at 553. Although Hasan alleged at his merits hearing that he was nervous when questioned by CBP agents, the IJ did not err in finding this explanation unsatisfactory, particularly when Hasan conceded that the responses attributed to him in the sworn statement–including his admission of dishonesty–were true and accurate. See *Majidi*, 430 F.3d at 80-81.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6